STILLMAN LEGAL PC
LINA STILLMAN
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

ARNULFO CABRERA, *individually and on behalf of others similarly situated*,

                      *Plaintiff,*

    -against-

Fortune Limousines Inc. (DBA as Fortune Limousines) and Philip Siegel.

                      *Defendants.*

----------------------------------------------------------------X

COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)

Plaintiff Arnulfo Cabrera individually and on behalf of others similarly situated (collectively the "Plaintiffs"), by and through their attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against Fortune Limousines Inc. (d/b/a Fortune Limousines Inc) (together, hereinafter "Fortune Limousines Inc" or "Defendant Corporation"), Philip Siegel (each an "Individual Defendant") collectively with Defendant Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiff was an employee of Defendants Fortune Limousines Inc. (d/b/a Fortune Limousines) and Philip Siegel. Defendants own, operate or control a Limousine Service located at 20-01 31st Street, Queens NY 11105 under the name Fortune Limousines Inc.

2) Upon information and belief, Individual Defendants Philip Siegel serve or served as owners, managers, principles, or agents of Defendants Fortune Limousines, and through those corporate entities operate or operated the Limousine Service as a joint or unified enterprise.

3) Plaintiff was an employee of the Defendants. He was primarily employed to perform various duties at a Limousine Service, such as driving cars through the wash, drying cars once the cars left the machine etc.

4) Plaintiff worked for Defendants in excess of 40 hours per week before December 2018, without appropriate compensation for the hours over 40 per week that they worked. Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours pay for any day in which he had to work over 10 hours a day.

5) Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

6) Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

7) Plaintiff seek certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8) This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C. § 1367(a).

9) Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and Defendants operate one Limousine Service located in this district. Further, Plaintiff was employed by Defendants in this district.

## PARTIES

*Plaintiff*

11) Plaintiff Arnulfo Cabrera ("Plaintiff Cabrera") is an adult individual residing in Queens

County, New York. Plaintiff Cabrera was employed by the Defendants from approximately 1994 until April 2019.

*Defendants*

12) Defendants own, operate, or control a Limousine Service located at 20-01 31st Street, Queens NY 11105 under the name of Fortune Limousines, at all times relevant to this complaint.

13) Upon information and belief, Fortune Limousines Inc., is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 20-01 31st Street, Queens NY 11105.

14) Upon information and belief, Defendants Philip Siegel is an individual engaging (or who were engaged) in business with this district during the relevant time. Defendants Philip are each sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant Philip Siegel, possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendants Philip Siegel determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15) Defendants operate a Limousine Service establishment in Queens, New York.

16) Defendants maintain as their principal place of business a centralized office, located at

at 20-01 31st Street, Queens NY 11105. Individual Defendants Philip Siegel possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendants Philip Siegel serve or served as Chairperson and/or as Chief Executive Officers of Defendant Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over the Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

20) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or similarly situated individuals.

22) Upon information and belief, Defendant Philip Siegel (1) operated or operates Fortune Limousines Inc, as his alter ego, and/or (2) failed or fails to operate Fortune Limousines Inc., as entities legally separate and apart from himself, by among other things:

(a) failing to adhere to the corporate formalities necessary to operate Fortune Limousines Inc as a corporate entity,

(b) defectively forming or maintaining the corporate entities of Fortune Limousines Inc, by among other things failing to hold annual meetings or maintaining appropriate corporate records,

(c) transferring assets and debts freely as between all Defendants,

(d) operating Fortune Limousines Inc. for his own benefit as sole or majority members, (e) operating Fortune Limousines Inc., for his own benefit, and maintaining control over each of them as a closed corporation,

(f) intermingling their own assets and debts with Fortune Limousine Inc.

(g) diminishing and/or transferring assets of the entity to protect their own interests, and

(h) other actions evincing a failure to adhere to the corporate form.

23) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment and determine the rate and method of any compensation in exchange for Plaintiff services.

24) In each year from 2013 to the present, the Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. As example, numerous items, such as soap, brushes and cleaning materials that were used in the Limousine Service on a daily basis were produced outside of the state of New York.

*Individual Plaintiff*

26) The Plaintiff was an employee of the Defendants, who was primarily employed as car wash attendant.

27) He seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arnulfo Cabrera*

28) Plaintiff Cabrera worked for Defendants from approximately <u>1994 until April 2019</u>.

29) Plaintiff Cabrera's duties included driving and parking cars after the wash.

30) Plaintiff Cabrera regularly handled goods in interstate commerce, such as detergents and cleaning supplies for automobiles, produced outside of the State of New York.

31) Plaintiff Cabrera 's work duties required neither discretion nor independent judgment.

32) Plaintiff Cabrera worked in excess of 40 hours per week without appropriate overtime compensation from June 2013 until December 2018.

33) From approximately June 2013 until December 2018 Plaintiff Cabrera worked (7) seven days per week for approximately 8 hours per day. His shift started at 11pm and ended at 7:30am (56 Hours Per week).

34) From approximately June 2013 to December 2019, Plaintiff Cabrera was paid approximately $13.00 to $13.50 per hour. He was paid at straight time, not at the required overtime rate.

35) From approximately December 2018 until his departure, Plaintiff Cabrera was paid $15 per hour and worked 35 hours per week (5 Hours per day, 7 days per week)- No Overtime is claimed for this period of time.

36) From June 2013 until December 2018, Defendants did not provide Plaintiff Cabrera with

any document or other statement accounting for his <u>actual hours worked</u>, or setting forth the rate of pay for all of his hours. While he did receive a check with his deductions, Defendants never accounted for any hours worked.

37) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Cabrera regarding overtime and wages as required under the FLSA and NYLL.

38) Defendants did not provide Plaintiff Cabrera with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

39) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Cabrera's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

40) At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all his hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

41) Plaintiff has been victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

b. Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiff and other delivery workers in violation of New York Labor Law § 196-d (2007).

c. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

d. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

e. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

f. Defendants did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked, and setting forth rate of minimum wage and overtime wage.

g. Plaintiff was paid his wages entirely in cash.

    h. Defendants employed Plaintiff as delivery workers and required them to provide his own locks, chains and helmets, and refused to compensate them or reimburse them for these expenses.

    i. Defendants did not provide Plaintiff with any break periods.

## FLSA COLLECTIVE ACTION CLAIMS

42) Plaintiff bring his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

43) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

44) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FLSA COLLECTIVE ACTION CLAIMS

45) Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or

any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA").

46) At all relevant times, Plaintiff, and other members of the FLSA were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

47) The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

### (Violation of the Overtime/Unpaid Wages/ Recordkeeping/Wage Statement Provisions of NYLL)

48) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49) At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

50) Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

51) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

52) Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of his withholding policies, time-clock policies and chargeback policies as described herein.

53) Plaintiff was damaged in an amount to be determined at trial.

54) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55) Plaintiff was damaged in an amount to be determined at trial.

56) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57) Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff' primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

58) Defendants are liable to Plaintiff in the amount of $10,000 together with costs and attorney's fees.

59) Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

60) Defendants did not provide Plaintiff with proper wage statements upon each payment of wages, as require by NYLL 195(3).

61) Defendants acted willfully in his violation of the above-described NYLL requirements.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

62) Plaintiff repeats and reallegess all paragraphs above as though fully set forth herein.

63) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

64) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a)

65) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**(Violation of the Overtime Provisions of the New York Labor Law)**

66) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67) Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

68) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

69) Plaintiff has been damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

    b. Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

 c. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

 d. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA class members;

 e. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

 f. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

 g. Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

 h. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

    i. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

    j. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

    k. Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA class members;

    l. Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

    m. Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

    n. Awarding Plaintiff and the FLSA and class members pre-judgment and post-judgment interest as applicable;

    o. Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

    p. All such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 19, 2019

                                        STILLMAN LEGAL PC

                     By:    /s/Lina Stillman
                           Stillman Legal, PC
                           42 Broadway, 12th Floor
                           New York, New York 10004
                           Telephone: 1800-933-5620
                           *Attorneys for Plaintiff*